# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
## WASHINGTON, DC

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 22-CR-00280-01(BAH) |
| | ) | |
| DEVIN K. ROSSMAN, | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION TO PROCEED TO SENTENCING VIA VIDEO, OR IN THE ALTERNATIVE, TO ORDER THE U. S. MARSHAL TO PAY HIS TRAVEL EXPENSES TO WASHINGTON D.C.**

COMES NOW, the Defendant, Devin K. Rossman, and moves the court to enter an order authorizing his case to proceed to sentencing by video teleconference under § 15002(b)(2) of the CARES Act, H.R. 748. In the alternative, Mr. Rossman requests the court to order the U. S. Marshal service to pay his travel expenses under 18 U.S.C. § 4285.

Mr. Rossman pled guilty to a charge that he knowingly and voluntarily entered the U. S. Capitol Building in violation of 18 U.S.C. § 5104(e)(2)(G). Mr. Rossman is scheduled to appear for sentencing on December 9, 2022. Mr. Rossman offers the following:

## SUGGESTIONS IN SUPPORT

1. On March 27, 2020, in response to the COVID-19 crisis, Congress passed, and the President signed into law, the CARES act, H.R. 748. Included in the CARES Act is a provision expanding the authorized use of video court proceedings

to include plea and sentencing hearings. CARES Act, Section 15002(b)(2).

2.	This case is one of hundreds of cases arising from the January 6th incident at the United States Capital. Counsel submits further delay of Mr. Rossman's sentencing would seriously harm the interests of justice. Proceeding by video will allow for an efficient disposition of this case without the need to bring Mr. Rossman, counsel for both parties, and court personnel into contact with one another. Mr. Rossman submits these circumstances meet the CARES Act standard that a sentencing hearing "cannot be further delayed without serious harm to the interests of justice."

3.	Mr. Rossman resides in Independence, Missouri and has advised counsel he consents to proceeding to sentencing by video and understands the court cannot proceed by video without his consent.

4.	In the alternative, if the court determines this request does not meet the standard for the CARES act, Mr. Rossman requests the court to order the U. S. Marshall to pay his travel expenses from Independence, Missouri, to Washington, D. C., under 18 U.S.C. § 4285. Section 4285 provides:

> Any judge or magistrate judge of the United States, when ordering a person released under chapter 207 on a condition of his subsequent appearance before that court, any division of that court, or any court of the United States in another judicial district in which criminal proceedings are pending, may, when the interests of justice would be served thereby and the United States judge or magistrate judge is satisfied, after appropriate inquiry, that the defendant is financially unable to provide the necessary transportation to appear before the required court on his own, direct the United States marshal to arrange for that person's means of noncustodial transportation or furnish the fare for such transportation to the place where his appearance is required, and in addition may direct the United States marshal to furnish that person with an amount of money for subsistence expenses to his

>destination, not to exceed the amount authorized as a per diem allowance for travel under section 5702(a) of title 5, United States Code. When so ordered, such expenses shall be paid by the marshal out of funds authorized by the Attorney General for such expenses.

Arranging for "noncustodial transportation provides a cheap, efficient means for ensuring the court appearance of willing, indigent defendants who reside outside the judicial district." *United States v. Gonzales*, 684 F.Supp. 838, 841 (D. Vt. 1988). Such payment furthers the expressed purposes of the Bail Reform Act and avoids an equal protection violation that would otherwise penalize defendants for their indigency. *Id.*

    5. Mr. Rossman lives in Independence, Missouri, approximately 1,050 miles away from the District of Columbia. Mr. Rossman has been deemed indigent by this court. He earns $25.00 per hour. His rent is $1260.00 per month. He owns an automobile but the drive would be 20 hours each way. In December that could take several days and be dangerous depending on the weather. Further, Mr. Rossman would lose his job if he is away for more than a few days.

    WHEREFORE, Mr. Rossman requests the court to conduct his sentencing via video. In the alternative, Mr. Rossman requests the court to order the U. S. Marshal Service to pay his travel expenses under 18 U.S.C. § 4285.

    Respectfully submitted,

    *s/Ronna Holloman-Hughes*
RONNA HOLLOMAN-HUGHES
Assistant Federal Public Defender
1000 Walnut Street, Suite 600
Kansas City, MO 64106
816-471-8282

ronna_holloman-hughes@fd.org

## **CERTIFICATE OF SERVICE**

In accordance with Rule 49(a), (b) and (d), Fed. R. Crim. P., and Rule 5(b), Fed. R. Civ. P., it is hereby CERTIFIED that on this 6th day of October 2022, one copy of the foregoing motion was electronically delivered to all participants of the ECF filing system.

/s/ RONNA HOLLOMAN-HUGHES
Ronna Holloman-Hughes