UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | CASE NO. 22-cr-280 (BAH) |
| : | |
| DEVIN ROSSMAN, : | |
| Defendant. : | |

## MOTION FOR EMERGENCY STAY AND
## FOR REVIEW AND REVOCATION OF RELEASE ORDER

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves this Court to stay defendant Devin Rossman's release from custody, and review the decision by Magistrate Judge W. Brian Gaddy from the Western District of Missouri to release the defendant instead of transferring him to the District of Columbia pursuant to the bench warrant.

## BACKGROUND

On May 16, 2022, the defendant was arrested in his home state of Missouri based on an arrest warrant issued by Magistrate Judge Robin M. Meriweather in the United States District Court for the District of Columbia, based on a complaint charging the defendant with multiple misdemeanors for his conduct during the Capitol Riot on January 6, 2021. ECF No. 5. After his arrest, the defendant was released pending trial. ECF No. 12.

On August 17, 2022, after the government filed an Information as a part of a plea agreement with the defendant, the case was assigned to this Court. ECF No. 17. On September 9, 2022, the defendant pled guilty to one count of Parading, Demonstrating, or Picketing in a Restricted Building or Grounds, in violation of 40 U.S.C. § 5104(e)(2)(G). ECF No. 21. On December 9, 2022, the Court sentenced the defendant to 36 months' probation with 32 days intermittent

confinement, $500 in restitution, a $2,000 fine, a $10 special assessment, as well as other special conditions.  ECF No. 37.

On March 23, 2023, the United States Probation Office ("USPO") filed a violation report, alleging that the defendant violated multiple conditions of his probation, including: (1) failure to make payments on restitution; (2) use of a controlled substance (cocaine); (3) violation of law (DWI-alcohol); and (4) possession of a firearm, ammunition, or other dangerous weapon.  ECF No. 39.  Based on the USPO's recommendation, the Court modified the defendant's probation to include 32 days of home detention by location monitoring, among other special conditions.  Minute Orders dated March 24, 2023 and April 11, 2023.

On November 15, 2023, USPO filed another violation report, alleging additional violations, including: (1) failure to make payments on restitution; (2) possession of alcohol; (3) failure to notify USPO of a change of employment; and (4) failure to participate in substance abuse treatment.  ECF No. 41.  Due to those violations, USPO recommended that the Court issue a summons and conduct a hearing on the violations.  *Id.*  The Court scheduled an in-person hearing for December 1, 2023.  Minute Order dated November 15, 2023.

On November 27, 2023, the defendant filed an unopposed motion to continue the hearing on violation or to convert it to a virtual hearing.  ECF No. 43.  The Court granted the motion to continue and rescheduled the in-person hearing for January 5, 2024.  Minute Order dated November 27, 2023.  On January 2, 2024, the defendant filed another motion to convert the hearing to a virtual hearing or to continue the hearing, this time opposed by the government.  ECF No. 48.  On January 3, 2024, the Court granted the motion to continue and rescheduled the in-person hearing to January 26, 2024.  Minute Order dated January 3, 2023.

On January 25, 2024, the defendant filed a third motion to continue or to convert the hearing to a virtual hearing, or alternatively to authorize the United States' Marshals Service to fund non-custodial travel to the District of Columbia. ECF No. 48. The same day, the Court denied the motion in its entirety. Minute Order dated January 25, 2024. In denying the motion, the Court noted that the motion "was tardily filed less than 24 hours prior to the scheduled hearing leaving insufficient time to obtain any travel funding, pursuant to 18 U.S.C. § 4285" and further stated that "the hearing on violation was previously postponed for three weeks, at defendants [] request, over the governments objection, in order for the defendant to travel economically to Washington, DC", which "he is demonstrably able to do given that he traveled to Washington, D.C. to commit the offense conduct on January 6, 2021, for which he was sentenced to probation." *Id.*

The defendant failed to appear for the in-person hearing on January 26, 2024, and the Court issued a bench warrant. Minute Order dated January 26, 2024. On April 3, 2024, the defendant was arrested pursuant to that warrant, and a Rule 5 hearing took place the same day. Case No. 4:24-mj-34 (WBG), ECF No. 2. At that hearing, the defendant requested a "removal/ identity/ detention hearing", which was scheduled before Magistrate Judge W. Brian Gaddy in the Western District of Missouri for April 8, 2024. *Id.*

At the hearing on April 8, 2024, the government requested that the defendant be held in custody and transferred to the District of Columbia to appear before this Court. Judge Gaddy denied that request, and conducted a detention hearing where he found, based on the testimony of one defense witness, that there were conditions of release that will reasonably assure the appearance of the defendant and the safety of the community. Case No. 4:24-mj-34 (WBG), ECF

3

No. 5. Upon motion from the government, the Court stayed the defendant's release for 72 hours to allow for the government to file the instant motion.

The government hereby requests this Court to stay the April 8, 2024 release order and upon review of that order, revoke the order and transfer the defendant to the District of Columbia to appear on the previously scheduled hearing on violations.

## LEGAL ARGUMENT

Jurisdiction over review of the release order lies with this Court, rather than the Western District of Missouri, pursuant to 18 U.S.C. § 3145(a)(1). That same statute provides that the government may file a motion for revocation or amendment of a release order by a magistrate or person other than the judge with the court having original jurisdiction. 18 U.S.C. § 3145(a). "That motion shall be determined promptly." *Id.* The Court applies *de novo* review of the underlying magistrate decision. *See United States v. Blalock*, No. CR 23-73-15 (CKK), 2024 WL 939995, at *3 (D.D.C. Mar. 4, 2024).

Rule 5 generally requires a person arrested within the United States to be brought before a magistrate judge without unnecessary delay. *See* Fed. R. Crim. Proc. 5(a). Rule 5 also provides, more specifically, that:

> (B) If a defendant is arrested for violating probation or supervised release, Rule 32.1 applies.
> (C) If a defendant is arrested for failing to appear in another district, Rule 40 applies.

Fed. R. Crim. P. 5(a)(2). Here, the defendant was arrested on the bench warrant issued by this Court for failing to appear for his hearing on January 26, 2024.[1] Minute Order dated January 26,

---

[1] To be sure, the defendant failed to appear at a hearing at which his probation violations were going to be—and will—the issue. But that does not change the fact that, on April 3, 2024, the defendant was arrested on a bench warrant for failing to appear, not on the underlying alleged violations.

4

2024.  Thus, subsection (C) directs that Rule 40 is the proper Rule to apply.  Rule 40, in turn, takes the analysis back to Rule 5, providing that "[t]he judge must proceed under Rule 5(c)(3) as applicable."  Fed. R. Crim. Proc. 40(b).  And Rule 5(c)(3)—the rule applicable for arrests made in a district other than the district where an offense is committed—provides:

> **Procedures in a District Other Than Where the Offense Was Allegedly Committed.**  If the initial appearance occurs in a district other than where the offense was allegedly committed, the following procedures apply:
> (A) the magistrate judge must inform the defendant about the provisions of Rule 20;
> (B) if the defendant was arrested without a warrant, the district court where the offense was allegedly committed must first issue a warrant before the magistrate judge transfers the defendant to that district;
> (C) the magistrate judge must conduct a preliminary hearing if required by Rule 5.1;
> (D) the magistrate judge must transfer the defendant to the district where the offense was allegedly committed if:
> > (i) the government produces the warrant, a certified copy of the warrant, or a reliable electronic form of either; and
> > (ii) the judge finds that the defendant is the same person named in the indictment, information, or warrant; and
> (E) when a defendant is transferred and discharged, the clerk must promptly transmit the papers and any bail to the clerk in the district where the offense was allegedly committed.

Fed. R. Crim. P. 5(c)(3).  The upshot is clear: under Rules 5 and 40, where, as here, a defendant is arrested on a warrant for failure to appear in the district of competent jurisdiction, the magistrate judge in the district of arrest must transfer the defendant to the district with jurisdiction over the offense, so long as the government produces the warrant and the person named in the warrant is the person before the magistrate.[2]  Fed. R. Crim. P. 5(c)(3)(D).  Thus, in this case, the magistrate's

---

[2] The Rule also provides that the magistrate judge must inform the defendant of the Rule 20 provisions (transfer for plea and sentencing), and conduct a preliminary hearing if required by Rule 5.1.  Fed. R. Crim. Proc. 5(c)(3)(A) and (B).  However, because the defendant was charged by Information, pled guilty, and was sentenced, a preliminary hearing is not required.  *See* Rule 5.1(a)(4).

5

authority was limited to ascertaining the existence of this Court's bench warrant and the defendant's identity. With those basic requirements satisfied, the magistrate was required to transfer the defendant to the District of Columbia.

Instead of applying Rule 40, Magistrate Judge Gaddy appears to have applied Rule 32.1. Case No. 4:24-mj-34 (WBG), ECF No. 5. Rule 5(a)(2)(B), however, directs magistrates to apply Rule 32.1 only when the defendant is arrested "for violating probation or supervised release." As noted above, the basis for the defendant's arrest was his failure to appear before the Court on January 26, 2024—not his underlying probation violations (which the Court will adjudicate in due course). The magistrate's apparent reliance on Rule 32.1 is, therefore, misplaced.

## CONCLUSION

For the foregoing reasons, this Court should revoke the order issued by Magistrate Judge Gaddy releasing defendant Devin Rossman, and subsequently order that the defendant be transferred to the District of Columbia to appear for the previously scheduled hearing on violation. Moreover, should resolution of the instant motion require more than the 72 hours, the government also requests that the release order be stayed until the motion is resolved by the Court.

    Respectfully submitted,

    MATTHEW M. GRAVES
    UNITED STATES ATTORNEY
    D.C. Bar Number 481052

By: /s/ *Sarah C. Martin*
    SARAH C. MARTIN
    Assistant United States Attorney
    Bar No. 1612989
    601 D Street NW
    Washington, D.C. 20530
    Sarah.Martin@usdoj.gov
    (202) 252-7048