IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES ) | |
| ) | |
| v. ) | 1:22-cr-00280-BAH |
| ) | |
| DEVIN ROSSMAN ) | |
| ) | |
| Defendant. ) | |

**OPPOSITION TO THE GOVERNMENT'S EMERGENCY STAY AND MOTION FOR REVIEW AND REVOCATION OF RELEASE ORDER**

Defendant Devin Rossman, by and through counsel[1], hereby submits this opposition to the government's emergency motion. The government seeks to have Defendant held in Missouri, pending transfer to the District of Columbia. The government provides no compelling reason for this request; the motion should be denied and Defendant ordered to appear on a date certain before this Court.

**BACKGROUND**

Shortly before being arrested on the present bench warrant, Defendant retained the undersigned to represent him. The undersigned reached out to the assigned AUSA to suggest an orderly way by which Defendant travel to the District of Columbia to appear before this Court and to address both the bench warrant and the underlying show cause issues he is facing. The practical issue for Defendant's appearance in the District was simple: if Defendant booked a flight to Washington DC to appear before the Court, he would not make it and instead be arrested at the airport. The undersigned proposed alerting the Court that Defendant had retained new counsel,

---

[1] The undersigned's substitution of counsel motion, which was recently filed, is pending.

1

was desirous to appear in person to resolve his outstanding legal matters, and to quash the bench warrant with so that Defendant could fly here on a date certain.

The discussion on these logistics were nascent when Defendant was arrested, and no agreement was reached by the parties.  Magistrate Judge W. Brian Gaddy in the Western District of Missouri ordered Defendant's release because apparently  Magistrate Judge Gaddy was satisfied that Defendant would appear before this Court in a timely manner and did not pose a sufficient risk to the safety of the community to warrant further detention pending appearance before this Court.   Magistrate Judge Gaddy ordered GPS monitoring and a curfew upon Defendant's release.  The government's opposition to this release followed.

## RELEVANT LEGAL AUTHORITES

18 U.S.C. §3145(a)(1-2) provides two mechanisms by which parties may seek review of a release order.  First, the "the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release."  Second, "the person may file, with the court having original jurisdiction over the offense, a motion for amendment of the conditions of release."  In either condition The motion shall be determined promptly.  *Id.*

## DISCUSSION

**1. The Government's Motion Should be Denied.**

The government argues that Magistrate Judge Gaddy applied Rule 32.1 instead of Rule 40.  Even if correct, the argument is an unpersuasive basis to detain Defendant pending his in-person appearance in this Court.

First, and as a practical matter, continued detention is wasteful to the public fisc.  The government's request would have taxpayers bear the cost not only for Defendant's continued

incarceration, but also his transport to the District. Defendant is prepared to arrange his own travel and to set a date certain to appear before the Court. Defendant would further be outfitted with a GPS tracker; there is low risk that Defendant would avoid appearing before this Court under these circumstances. The government's request is therefore wasteful and should be denied.

Second, the government provides no compelling reason why Defendant's continued detention would serve any benefit to anyone. Indeed, the government does not appear to disagree with Magistrate Judge Gaddy determination that public safety could be reasonable ensured by the release conditions. Further, the government makes no proffer that Defendant is otherwise violent or presents a unacceptable risk of harm to the public. In essence, the government simply seeks Defendant's incarceration merely because it wants incarceration. The Court should not accede to the government's request merely because the government desires incarceration.

Third, the government's Rule 32.1 vs. Rule 40 argument rests on incomplete facts sufficient to justify the government's requests to needlessly seek Defendant's continued incarceration. Indeed, the government merely guesses at what rule the magistrate utilized in granting Defendant release conditions and does not affirmatively state that the preconditions for a mandatory Rule 5(c)(3) transfer were actually met in Missouri. This guesswork is insufficient to justify the government's motion.

Even so, the government has petitioned this Court for *de novo* review the magistrate's release order pursuant to 18 U.S.C. 3145(a)(1). *See also United States v. Blackson*, 23-cr-25 (BAH) (D.D.C. Feb. 6, 2023). *De novo* review, however, affords Defendant the opportunity to present evidence on his behalf in a "factbound inquiry" to determine danger to the community and/or risk of flight. " *United States v. Nava*, Criminal Action 23-73-4, at *8 (D.D.C. Apr. 28, 2023). In other words, the government's motion, if granted, will do little but force this Court to duplicate the

proceedings that have already been had before Magistrate Judge Gaddy in Missouri.  Little will be gained by such duplication.

2. **Alternative Relief:  Modify Magistrate Judge Gaddy's Order to set Date Certain for in-Person Appearance.**

18 U.S.C. §3145(a)(2) authorizes a defendant to seek a review of a magistrate's release order.  Defendant does so here.  As a matter of practicality, Defendant moves to modify Magistrate Judge Gaddy's release order to provide a date certain to appear in person before this Court.  Defendant currently has two jobs.  His continued detention will have a disastrous effect on his ability to remain gainfully employed.  Should he be terminated while awaiting transfer to this District, Defendant will be in violation of his special conditions, which will cause the parties to be back before the Court again due to an avoidable violation.

**WHEREFORE:**

Defendant respectfully requests the Court deny the government's motion

Date: April 9, 2024                    Respectfully Submitted,

**_Sheridan England_**
Sheridan England, Esq.
DC Bar 1025953
S.L. England, PLLC
1800 Diagonal Rd, Suite 600
Alexandria, VA 22314
Phone: 202-489-0720
Sheridan@slengland.com
*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I hereby affirm that I filed the foregoing on April 9, 2024 on this Court's ECF. All parties will be served thereby.

**_/s/ Sheridan England_**